Per Curiam.
 

 John Adams, a justice of the peace for Washington County, on the 24th of April, 1813, gave judgment in favor of B. King for $51 and costs, against Ira Green, Charles Graham, and George Click, in a note of hand executed by them. Graham and Click paid the amount of the judgment. On the 27th of August, 1816, the same justice gave judgment against Ira Green, on motion of Graham and Click, stating them to be sureties of Green in the former suit, for $53.40. Green, by
 
 certiorari,
 
 removed the cause to the County Court, stating in the petition that Graham was the principal in the note, and he, Green, only a security. There was a verdict and judgment for the defendant. Graham and Click appealed to the Circuit Court. The judge in that court decided that when two or more persons are securities and have been compelled by law to pay the money, in equal or dilferent proportions, they cannot support a joint action against the principal, but each must sue separately for the sum by him paid; and that in this case the plaintiffs could not support their action it being joint. The plaintiffs suffered a nonsuit, and afterwards moved to have the non-suit set aside, which was refused. And thereupon this writ of error was prayed and granted.
 

 It is now insisted upon in the argument, that a writ of error will not lie after a voluntary nonsuit. If the nonsuit is occasioned by the opinion of the court, and if the party against whom that opinion is given believes * it to be erroneous, and prays to have the nonsuit set aside, and it is refused, a writ of error will lie, as there is no reason why it should not, more than in similar cases where a new trialis refused after verdict; and in the
 
 *419
 
 latter case, as our courts have often decided, the party refused may have his writ of error.
 

 A second inquiry is, can two sureties join in a motion to recover judgment against their principal for money w.hich they have been compelled to pay for him ? It is certain that, by the rules of the common law, they cannot join in an action. Whether the expressions used in our acts of Assembly will authorize them to recover jointly by motion need not now be decided; for upon the third point of this case we are of opinion, against the sureties, that the sum for which the judgment was given is not within the jurisdiction of a justice of the peace. In the act of 1801, ch. 15, § 1, sureties can have judgment by motion against their principal before any jurisdiction where judgment may have been entered against such sureties. At this time the jurisdiction of justices of the peace did not exceed $50. If the first judgment was under the sum the second must necessarily be so. But in a subsequent act the phraseology is varied. It is there said that the judgment on motion may be had before any jurisdiction having cognizance thereof. At that time justices had a limited jurisdiction, of sums between $50 and $100, that is to say on
 
 bonds,
 
 notes, or agreements signed by the" party. In this case, the first judgment against the principal and sureties was on a note signed by them. The justice had cognizance of the cause, and judgment, although it exceeded $50, was proper ; but the claim of the sureties against their principal, after payment of the money by them, was founded only on an implied assump-sit for money paid to his use, and this implied assumpsit * was not an agreement signed by the parties, and therefore not within the jurisdiction of the justice.
 

 The judgment on this latter ground must be affirmed.
 

 See King’s Digest, 7684.